﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191230-81616
DATE: October 30, 2020

ORDER

Entitlement to attorney fees of past-due benefits awarded in an April 2019 rating decision (granting an earlier effective date for service connection for left sciatic nerve radiculopathy from February 11, 2010; and an earlier effective date for service connection for right sciatic nerve radiculopathy from February 11, 2010) is dismissed.

Entitlement to attorney fees of past-due benefits awarded in a May 2020 rating decision (effectuating a May 2020 Board decision that granted entitlement to a total disability rating based on individual unemployability (TDIU) effective February 11, 2010) is dismissed.

FINDINGS OF FACT

1. On May 11, 2020, prior to the promulgation of a decision in the appeal, the appellant requested withdrawal of the appeal filed as to past-due benefits awarded in an April 2019 rating decision.

2. On August 5, 2020, prior to the promulgation of a decision in the appeal, the appellant requested withdrawal of the appeal filed as to past-due benefits awarded in a May 2020 rating decision.

CONCLUSIONS OF LAW

1. The criteria for withdrawal of the appeal of entitlement to attorney fees of past-due benefits awarded in an April 2019 rating decision have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

2. The criteria for withdrawal of the appeal of entitlement to attorney fees of past-due benefits awarded in a May 2020 rating decision that effectuated a May 2020 Board decision have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Appellant is the Veteran’s former attorney.

The decisions on appeal were issued in July 2019 and May 2020 and constitute initial decisions; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

The Board of Veterans’ Appeal received VA Forms 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD) in September 2019 and July 2020, from the Appellant electing the Direct Review option as to the calculation of attorney fees as shown in the July 2019 and May 2020 decisions (Summary of the Case).

1. Entitlement to attorney fees of past-due benefits awarded in an April 2019 rating decision 

2. Entitlement to attorney fees of past-due benefits awarded in a May 2020 rating decision that effectuated a May 2020 Board decision 

Issues 1-2: The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.205. Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.205. 

On May 11, 2020 and August 5, 2020, prior to the promulgation of a decision in the appeal, the appellant requested withdrawal of the issues on appeal. Specifically, in the May and August 2020 letters, the Appellant stated he filed a Notice of Disagreement in September 2019 due to an incorrect calculation of attorney fees in an April 2019 fee decision due to a retired pay offset. Subsequently, March 15, 2020 Summary of the Case granted the additional fees due. As a result, he sought to withdraw the issues on appeal. See Third Party Correspondence (May 2020).

The criteria to withdraw the appeal have been met. The May and August 2020 letters included the Veteran’s name and claim number. The Appellant signed it and it reflects his expressed intent to withdraw the issues on appeal. As such, the withdrawal is both explicit and unambiguous. There remains no allegation no allegations of errors of fact or law for the appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal and it is dismissed. 

 

C.A. SKOW

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. Pendleton, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.